**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3228-16T3

DWAYNE MANN,

    Appellant,

v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS,

    Respondent.

_____

Submitted May 9, 2018 — Decided July 11, 2018

Before Judges Alvarez and Nugent.

On appeal from the New Jersey Department of
Corrections.

Dwayne Mann, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney
for respondent (Melissa Dutton Schaffer,
Assistant Attorney General, of counsel; Erica
R. Heyer, Deputy Attorney General, on the
brief).

PER CURIAM

    Dwayne Mann, who is presently incarcerated at East Jersey

State Prison serving a life sentence subject to a thirty-two-year

and six-month mandatory minimum term, appeals from a final agency

decision of the New Jersey Department of Corrections (DOC). On March 13, 2017, the DOC found him guilty of prohibited act .701, unauthorized use of mail or telephone, N.J.A.C. 10A:4-4.1(a). The hearing officer imposed sanctions of 365 days loss of telephone privileges, 90 days loss of television and radio privileges, 60 days loss of commutation time, and 30 days loss of recreation privileges. The notice of appeal was filed on April 4, 2017. We denied Mann's subsequent motion seeking a stay of the sanctions pending appeal, and also denied the State's cross-motion for summary disposition.

Mann has completed service of the sanctions that were imposed. We now dismiss this matter because the issues Mann raises are moot. See R. 2:8-2 ("The appellate court may at any time on its own motion . . . dismiss [an] appeal . . . .").

A moot decision has no practical effect on the existing controversy. See Redd v. Bowman, 223 N.J. 87, 104 (2015); N.J. Div. of Youth & Family Servs. v. A.P., 408 N.J. Super. 252, 261 (App. Div. 2009). From our review of the record, it does not appear that this appeal, related solely to the imposition of already completed sanctions, would affect Mann's future status as an inmate. Given Mann's service of the sanctions, any decision we would make would have no effect on the controversy. We do not decide cases where our judgment would be meaningless.

Accordingly, the appeal is dismissed as moot.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION